**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **-vs-** | ) | **No. ____________________** |
| **ELIZABETH ANDRADE,** | ) | |
| **Defendant.** | ) | |

# PLEA AGREEMENT

## Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement ("Plea Agreement") between Defendant Elizabeth Andrade, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this Plea Agreement is hereby rejected by the United States. This Plea Agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This Plea Agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If Defendant does not accept the terms of this Plea Agreement by June 29, 2018, the offer is withdrawn.

**Guilty Plea**

2. Defendant agrees to enter a plea of guilty to a one-count Information charging conspiracy to sex traffic a child in violation of Title 18, United States Code, Section 1594(c). To be found guilty of violating Section 1594(c), as charged in the Information, Defendant must admit that from on or about January 27, 2018, until on or about February 19, 2018, within the Western District of Oklahoma and elsewhere: (1) she knowingly and willfully agreed with at least one other person to commit a violation of 18 U.S.C. § 1591(a)(1) and (b)(2); (2) one of the conspirators engaged in at least one act in furtherance of the conspiracy's objectives; (3) she knew the essential objectives of the conspiracy; (4) she knowingly and voluntarily participated in the conspiracy; and (5) there was interdependence among the members of the conspiracy, which is to say the members intended to act together for a shared mutual benefit.

**Maximum Penalty, Restitution, and Special Assessments**

3. The maximum penalty that could be imposed as a result of this plea is life imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $5,100.00 and a term of supervised release of at least 5 years and up to life.

In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent her from ever

lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A, and 1593, the parties further agree that, as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5. Defendant agrees to pay the special assessment of $5,100.00 due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If Defendant violates the conditions of her supervised release, the Court may revoke her supervised release and sentence her to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release. When combined, the original

term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

**Forfeiture**

A. Defendant agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 1594(d)(1), (d)(2), and (e)(1)(A) and (1)(B), and 28 U.S.C. § 2461(c), including but not limited to:

1. Any and all cellular or mobile telephones used in the commission of the offense; and

2. Any and all vehicles used in the commission of the offense.

B. Defendant agrees the listed assets were involved in or are the proceeds of the violation to which she is pleading guilty.

C. Defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and voluntarily consents to the entry of a final order of forfeiture before sentencing as to Defendant's interest in the assets.

D. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

E. Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

F. Defendant agrees not to file a claim to any of the listed property, or otherwise contest forfeiture, in any civil, administrative, or judicial proceeding, and agrees not to assist others in filing a claim, or otherwise contesting forfeiture, in any forfeiture proceeding which may be initiated.

G. Defendant hereby waives her right to notice of any forfeiture proceeding involving the listed property.

H. Defendant voluntarily abandons all right, title, interest, and claim in and to the listed property in order that appropriate disposition may be made by the appropriate federal or state law enforcement agency.

**<u>Sentencing Guidelines</u>**

7. The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the

information known to the parties on the date this Plea Agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree Defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if she commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this Plea Agreement. Further, to the extent the Court finds Defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the United States agrees to move for the additional 1-level downward adjustment of § 3E1.1(b), if Defendant accepts the terms of this Plea Agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this Plea Agreement under the provisions of Rule 11(c)(1)(A) & (B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow Defendant to withdraw her plea of guilty. Upon Defendant's signing of this Plea Agreement, the United States intends to end its investigation of the allegations in the Information as to Defendant, except insofar as required to prepare for further hearings in this case, including

but not limited to sentencing, and to prosecute others, if any, involved in Defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to Defendant. However, subject to the terms and conditions of this Plea Agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation subsequent to the signing of this Plea Agreement or arises from sources independent of the United States, including the U.S. Probation Office.

**Waiver of Right to Appeal and Bring Collateral Challenge**

8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the following rights:

a. Defendant waives her right to appeal her guilty plea, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b. Except as stated immediately below, Defendant waives her right to appeal her sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to her case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of her sentence;

c. Defendant waives her right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) her conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 7.

9. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

**<u>Waiver of FOIA and Privacy Act Rights</u>**

10. Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States

any records pertaining to the investigation or prosecution of this case, including but not limited to records that Defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

**Obligations of Defendant**

11. Defendant shall commit no further crimes. It is understood that should Defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this Plea Agreement, the United States may prosecute Defendant for any and all her federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

12. The parties also recognize that if the Court determines Defendant has violated any provision of this Plea Agreement or authorizes Defendant to withdraw from her knowing and voluntary guilty plea entered pursuant to this Plea Agreement: (a) all written or oral statements made by Defendant to the Court or to federal or other designated law enforcement agents, any testimony given by Defendant before a grand jury or other

tribunal, whether before or after the signing of this Plea Agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against Defendant; and (b) Defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time she signs this Plea Agreement.

**The Obligations of the United States**

13. If Defendant enters a plea of guilty as described above and fully meets all obligations under this Plea Agreement, she will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to her participation in child sex trafficking during the period from December ~~2018~~ 2017 through February 2018. This Plea Agreement does not provide any protection against prosecution for any crime not specifically described above.

14. It is understood that the sentence to be imposed upon Defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence Defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing.

## Signatures

15. By signing this Plea Agreement, Defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms. Further, Defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the Plea Agreement concerning her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 29 day of JUNE, 2018.

**APPROVED:**

ROBERT J. TROESTER
Acting United States Attorney

TRAVIS SMITH
Deputy Chief, Criminal Division

K. McKENZIE ANDERSON
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8781 (Office)
(405) 553-8888 (Fax)

ELIZABETH ANDRADE

JEFF BYERS
Attorney for Defendant