# UNITED STATES DISTRICT COURT

Western District of Oklahoma

UNITED STATES OF AMERICA
v.

ELIZABETH ANDRADE,
a/k/a Beth,
a/k/a Porsche,
a/k/a Bobbi Monroe,
a/k/a Tiffany

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-18-00156-002-D

USM Number: 32264-064

Jeffrey M. Byers
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s) 1 of the Superseding Information.

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1), (b)(2) and (c), 18 U.S.C. § 1594(c) | Conspiracy to Commit Child Sex Trafficking | 02/19/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) 1 and 3 of the Indictment ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 10, 2019
Date of Imposition of Judgment

TIMOTHY D. DeGIUSTI
Chief United States District Judge

December 10, 2019

Date Signed

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**78 months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
It is recommended the defendant participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the program;

That the defendant, if eligible, participate in the Residential Drug Treatment Program while incarcerated;

That the defendant, if eligible, participate in a Sex Offender Treatment Program; and

That the defendant, if eligible, be incarcerated at FMC Carswell.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ By 2 p.m. on ______________
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________

DEPUTY UNITED STATES MARSHAL

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
**5 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. Stricken.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________ Date ______________

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include a polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

2. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the supervising probation officer and to authorize open communication between the probation officer and the treatment provider.

3. The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer.

4. The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer.

5. The defendant shall register pursuant to the provisions of the Sex Offender Registration and Notification Act, or any applicable state registration law. The defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

6. The defendant shall have no contact, directly or indirectly, with any and all victims of the offense.

7. The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer equipment used by the defendant. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with her conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer, installation on the defendant's computer, at the defendant's expense per co-payment policy, any hardware or software systems to monitor the defendant's computer use. The defendant shall comply with a Computer Monitoring and Acceptable Use Contract, which includes a requirement that the defendant use a computer compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding computer use or information stored on the computer. The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.

8. The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing; and outpatient treatment. The defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

9. The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

10. The defendant shall maintain a single checking account in the defendant's name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

11. The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

12. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away or otherwise convey any asset, without first consulting with the probation officer.

13. If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

14. The defendant shall, upon request of the probation officer, authorize release of any and all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

15. The defendant shall notify the court and the Attorney General of any material change in economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until __________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ ____________ | $ ____________ | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Elizabeth Andrade, a/k/a Beth, a/k/a Porsche, a/k/a Bobbi Monroe, a/k/a Tiffany
CASE NUMBER: CR-18-00156-002-D

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than __________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

If restitution is not paid immediately, the defendant shall make payments of 10% of the defendant's quarterly earnings during the term of imprisonment.

After release from confinement, if restitution is not paid immediately, the defendant shall make payments of the greater of $______ per month or 10% of defendant's gross monthly income, as directed by the probation officer. Payments are to commence not later than 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the United States Court Clerk for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

All right, title, and interest in the assets listed in the Preliminary Order of Forfeiture dated November 9, 2018 (doc. no. 63).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.