# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>GERMAINE COULTER, SR., )<br>   a/k/a "Slim," and )<br>ELIZABETH ANDRADE, )<br>   a/k/a "Beth," )<br>   a/k/a "Porsche," )<br>   a/k/a "Bobbi Monroe," )<br>   a/k/a "Tiffany," )<br>)<br>Defendants. ) | Case No. CR-18-156-D |

## O R D E R[1]

Before the Court is Guardian Ad Litem, LeAnne Burnett's, Motion for Attorney's Fees [Doc. No. 247]. In the Motion the guardian ad litem requests compensation for attorney's fees in the amount of $16,433.20. The guardian ad litem was appointed pursuant to 18 U.S.C. §3509(h)(1). *See* Order [Doc. No. 57].

18 U.S.C. § 3509(h)(1) states that "[t]he court may appoint, and provide reasonable compensation and payment of expenses for, a guardian ad litem for a child who was a victim of . . . a crime involving abuse or exploitation to protect the best interests of the child." Despite the fact that Congress amended § 3509(h)(1) on July 27, 2006, to expressly

---

[1] The Motion was filed under seal. This Order contains no sensitive information that would require it to be filed under seal. In the interest of justice, it is therefore filed as a matter of public record.

authorize the courts to compensate guardians ad litem in cases of child sexual abuse, *see* Adam Walsh Child Protection and Safety Act of 2006, P.L. 109–248, Title V, § 507 (2006), there was no source of dedicated funding to pay for such appointments. *United States v. Lewis*, 791 F. Supp. 2d 81, 94 (D.D.C. 2011).

The relevant appointment Order does not specify the hourly billing rate nor the method the Court would use to "provide reasonable compensation and payment of expenses." 18 U.S.C. § 3509(h)(1). The fee request, however, uses the Guide to Judiciary Policy, Chapter 2 § 230.16(A) to calculate the total compensation amounts, using the hourly rates under the Criminal Justice Act ("CJA"). In addition to hourly rates, the Guide to Judiciary Policy provides that for work completed prior to January 1, 2020, where the subject case involved a felony charge, the attorney case compensation maximum was $10,900.00. Guide to Judiciary Policy, Chapter 2 § 230.23.30. The cap applicable to felonies has been raised to $11,800.00 for work completed after January 1, 2020. *Id.*

Although the CJA does not directly apply to compensation requests of guardians ad litem appointed pursuant to 18 U.S.C. § 3509(h)(1), it does provide meaningful analogous guidance that should be considered by the Court in determining the "reasonable compensation" contemplated in the appointment Order. *Cf. United States v. Doe,* 230 F. Supp. 2d 662, 664 (D. Md. 2002) (using the CJA rate to determine appropriate compensation for guardians ad litem appointed pursuant to a different statute and not directly entitled to compensation). Future guardians ad litem appointed by the undersigned pursuant to 18 U.S.C. § 3509(h)(1) are hereby put on notice that just as the hourly rates

2

under the CJA provide meaningful guidance, so do the maximum case compensation amounts.

Here, the guardian ad litem's fee request significantly exceeds the CJA maximum case compensation amount. Because the guardian's work preceded the filing of this Order, leaving her without notice that the CJA maximum case compensation amounts would apply, the Court has considered all the time billed.

Nevertheless, the Court notes that there are entries in the billing record for proceedings unrelated to the above-captioned case. In its appointment Order, the Court directed the guardian ad litem to, *inter alia*, "protect the best interests of the child [and] to attend all depositions, hearings, and trial proceedings in which the child participates." It would be imprudent for the Court to construe its appointment Order broadly and award fees for unrelated or tangentially related tasks. These tasks are reflected in the time entries for 10/12/2018 (2.20), 10/19/2018 (3.20), 11/09/2018 (.80), 11/12/2018 (.20), 11/13/2018 (.60), 12/03/2018 (3.30), 12/04/2018 (4.30), 2/22/2019 (1.10), 3/18/2019 (1.10), 04/02/2019 (2.30). The request for compensation in connection with these entries is **DENIED**.

The Motion is therefore **GRANTED IN PART** in the amount of $13,012.80 for LeAnne Burnett's work as guardian ad litem through December 30, 2019. Any future requests for compensation must strictly comply with the scope of the appointment Order, and include fees directly related to the proceedings in this matter in which the child participates.

**IT IS SO ORDERED** this 14th day of February, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge